IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL COOPER                                                                                          PLAINTIFF

V.                                    NO.: 4:08cv00644 BSM

KARL BYRD, et al                                                                                      DEFENDANTS

ORDER

Plaintiff is a pro se pretrial detainee currently confined to the Faulkner County Detention Facility. On July 30, 2008, he filed this 42 U.S.C. § 1983 civil rights action (doc. 2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (doc. 1). Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted (doc. 3).

**I. Background**

Plaintiff makes several generalized claims concerning the conditions of his confinement, none of which amount to a constitutional violation either separately or in combination. In addition, aside from naming each Defendant in the caption of his complaint, Plaintiff fails to connect any Defendant to the allegations of his complaint. Plaintiff alleges the following:

(1) On or about March 7, 2008, officials failed to perform a medical screening on Plaintiff or any other inmate when he was booked, and then placed him and the other inmates into one overcrowded room.

(2) On or about March 18, 2008, Plaintiff was confined under unconstitutional conditions when he was required to sleep on the jail's floor on an un-sanitized vinyl mat that had no protective cover.

(3) On or about March 18, 2008, Plaintiff was confined under unconstitutional conditions when he was issued prescribed medication by a non-certified RN or LPN.

>   (4)   On or about April 30, 2008, officials allowed other inmates to handle Plaintiff's mail and he did not receive his <u>Arkansas Democrat-Gazette</u> newspaper subscription. In addition, Plaintiff was forced to watch only one television station instead of having access to local news or other media.

On August 12, 2008, Plaintiff filed an amended complaint (doc. 5). In his amendment, he claims that Dr. Stewart diagnosed him with Bells Palsy on June 26, 2008, and prescribed Prednisone twice daily for a week and a half. Due to some trouble Plaintiff was having with his eye, he put in several medical requests to see a nurse or doctor to obtain eye drops or ointment and an eye patch. His requests came back "Continue current plan of care." Plaintiff brought the issue to the attention of Lt. Wilcox, who told him he would check into the matter. On July 31, 2008, Plaintiff was taken to see Dr. Stewart again and he prescribed Plaintiff eye drops and an eye patch. After five days Plaintiff had not received the eye patch so he put in a medical request for same. His medical request, signed by Sgt. T. Lumpkin, LPN stated: "Inmate request medical care r/t eye patch. Eye patch was denied because it is against F.C.S.O. policy per Captain Randall." Plaintiff states that he used a band-aid over his eye when his eye was dried out and irritated.

## II. Standard

After granting Plaintiff in forma pauperis status, he was notified (doc. 3) that should his case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, there would be no provision for a refund of any portion of his filing fee. 28 U.S.C. § 1915A.

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. Id. § 1915A(a). A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b). This Court may sua sponte dismiss a complaint filed in forma pauperis in whole or in part at any time if it determines that the action fails to state a claim upon which relief can be granted. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21.

### III.  Analysis

**A.  Individual Defendants**

Except for naming Defendants in the caption of his complaint, Plaintiff makes no other mention of these individuals. For a defendant to be held liable under § 1983, he or she must have personally participated in, or had some responsibility for, the particular act which deprived Plaintiff of a constitutionally protected right. Ellis v. Norris,179 F.3d 1078, 1079 (8th Cir. 1999) ("despite having been ordered to amend his complaint to clarify how

. . . defendants upon whom he sought service had violated his constitutional rights, [plaintiff] failed to allege facts supporting any individual defendant's personal involvement or responsibility for the violations"); see also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (plaintiff failed to allege sufficient personal involvement by any defendant to support a claim); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions."); Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir.1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). In his original complaint Plaintiff has failed to allege a single fact in support of a claim against any named Defendant nor has he connected Defendants to any claims alleged; therefore, dismissal is warranted on this ground alone. In his amended complaint, Plaintiff merely alleges that he received notification that his eye patch had been denied by Defendant Randall per policy.

**B.    No Constitutional Violation**

Dismissal is additionally warranted on the grounds that Plaintiff has failed to allege the violation of a constitutional right. "[I]t is clear that the state may not punish a pretrial detainee." Andrews v. Neer, 253 F.3d 1052, 1061 (8th Cir. 2001) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979); Williams-El v. Johnson, 872 F.2d 224, 229 (8th Cir. 1989)); see also U.S. v. Johnson, 225 F. Supp.2d 982, 1007 (N.D. Ia. 2002) ("The standard applicable to conditions of confinement claims by pretrial detainees was enunciated in Bell"). Because Plaintiff is a pretrial detainee, his claims fall under the Fourteenth Amendment's Due Process Clause; therefore, to prevail he must prove Defendants acted with an intent

to punish him. Bell, 441 U.S. at 535; Smith v. Copeland, 87 F.3d 265, 268 (8th Cir. 1996) (exposure to raw sewage from an overflowed toilet for four days did not implicate constitutional concerns where plaintiff failed to allege that he was exposed to disease or suffered any adverse consequences as a result of the exposure, and where plaintiff did not dispute that he was given the opportunity to flush the toilet and clean up the mess but declined). Even in the absence of express punitive intent, "if a restriction or condition is not reasonably related to a legitimate goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment . . . ." Bell, 441 U.S. at 539. The length of time a prisoner is subjected to harsh conditions is a critical factor in a court's analysis. Smith, 87 F.3d at 269. On the other hand, where "a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment'." Bell, 441 U.S. at 539 & n.21; Johnson, 225 F. Supp.2d at 1007. In addition, "there is a *de minimis* level of imposition with which the Constitution is not concerned." Id. Although Bell controls Plaintiff's case, note that the Eighth Amendment "prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." Smith, 87 F.3d at 268 (citing Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989)) ("inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time").

The edicts of § 1983 are clear and mandate the dismissal of Plaintiff's generalized conditions claims:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any

>     citizen of the United States or other person within the
>     jurisdiction thereof to the deprivation of any rights, privileges,
>     or immunities secured by the Constitution and laws, shall be
>     liable to the party injured in an action at law, suit in equity, or
>     other proper proceeding for redress . . . .

Id. (emphasis added).  Section 1983 relief "is predicated on the denial of a right or interest protected by the Constitution." Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 445 (8th Cir.1995) (quoting Med. Laundry Serv. v. Bd. of Tr. of Univ. of Alabama, 906 F.2d 571, 573 (11th Cir. 1990)) (where there is no constitutional violation, there is no basis for a § 1983 claim).  Therefore, the initial challenge in any § 1983 suit is "to isolate the precise constitutional violation" with which the defendant is accused.  Rogers v. City of Little Rock, 152 F.3d 790, 796 & 800 (8th Cir. 1998) (quoting Baker v. McCollan, 443 U.S. 137, 140 (1979)).

Although Plaintiff has filed a § 1983 civil rights action, he fails to allege a federal constitutional violation against Defendants.  Plaintiff alleges that officials failed to perform a medical screening on him or any other inmate the day he was booked and then placed them all together into one overcrowded room, he was forced to sleep on an uncovered vinyl floor mat on March 18, 2008, he was issued prescribed medication by a non-certified RN or LPN on the same date, and on April 30, 2008, he did not receive his Arkansas Democrat-Gazette newspaper subscription and was forced to watch only one television station.  Plaintiff has failed to allege that he suffered any adverse consequences as a result of any of these actions.  Moreover, he was not subjected to any action/condition for any significant amount of time.  In sum, Plaintiff's allegations amount to nothing more than a *de minimis* level of imposition.  With respect to the denial of his eye patch, not only does Plaintiff fail to reference who he holds accountable for the denial, he also fails to allege

how the denial of the eye patch (after being provided Prednisone and eye drops and using a band-aid over his eye when his eye was dried out and irritated) has adversely affected his prognosis.[1]

Without a constitutional violation, there is no basis to award Plaintiff the relief he seeks. Williams v. Davis, 200 F.3d 538, 539 (8th Cir. 2000). Even assuming that each fact alleged by Plaintiff is true, neither alone nor in combination do they amount to an independent constitutional violation; therefore, Defendants cannot be held liable under § 1983 and Plaintiff's claims against them must be dismissed.

## C.     No Physical Injury

Equally fatal to Plaintiff's case is his inability to allege that he suffered an actual physical injury in connection with his "quasi-medical" claims. Moreover, any damages he seeks for emotional or mental injury are barred. 42 U.S.C. § 1997e(e) provides:

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

(emphasis added). In both published and unpublished opinions, the Eighth Circuit has upheld § 1997e(e) dismissals where there is no allegation of physical injury. See Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (plaintiff failed to state Eighth Amendment claim because he did not allege how inadequate security caused him injury); see also Johnson v. Norris, 3 Fed. Appx. 579 (8th Cir. Feb. 22, 2001) (unpub. per curiam) (same); Kellensworth v. Norris, 221 F.3d 1342 (8th Cir. June 14, 2000) (unpub. per curiam) (no

---

[1] To prevail on a claim of deliberate medical indifference, Plaintiff must allege acts or omissions by Defendants "sufficiently harmful to evidence deliberate indifference to [his] serious medical needs." Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (citing Estelle, 429 U.S. at 106)). This, he has not done.

7

allegation or suggestion of physical injury arising from temporary housing with an inmate feared by the plaintiff); Smith v. Spath, 187 F.3d 643 (8th Cir. May 17, 1999) (unpub. per curiam) (no injury other than emotional distress from delay in correcting clerical error in sentencing order); Smith v. Moody, 175 F.3d 1025 (8th Cir. Mar. 26, 1999) (unpub. table op.) (no allegation of physical injury). Moreover, § 1997e(e) has been held constitutional by several Circuits. See Hawkins v. Morse, 194 F.3d 1312 (6th Cir. Nov. 4, 1999) (unpub. table op.), cert. denied, 532 U.S. 939 (2001); Harris v. Garner, 190 F.3d 1279, 1290 (11th Cir. 1999), reinstated in part on rehearing, 216 F.3d 970, 984-85 (11th Cir. 2000), cert. denied, 532 U.S. 1065 (2001); Davis v. District of Columbia, 158 F.3d 1342, 1346-47 (D.C. Cir. 1998); Zehner v. Trigg, 133 F.3d 459, 463-64 (7th Cir. 1997).[2] Plaintiff makes no allegation of physical injury as a result of Defendants' alleged failure to perform a medical screening on him when he was booked and when he was issued prescribed medication by a non-certified RN or LPN. Furthermore, he does not even hint that he has suffered any emotional or psychological injury. Instead, he essentially complains that he was at risk of potential harm. Furthermore, Plaintiff acknowledges that he was provided Prednisone and eye drops and was permitted to use a band-aid over his eye when his eye was dried out and irritated. Based on the foregoing authorities, § 1997e(e) additionally mandates the dismissal of Plaintiff's medical claims.

---

[2] But see, Spencer v. Moreno, No. 4:02CV3049, 2003 WL 1043318, at *8 (D. Neb. Mar. 11, 2003) comparing without addressing Searles v. Van Bebber, 251 F.3d 869, 878-81 (10th Cir. 2001) (vacating plaintiff's compensatory damages award pursuant to § 1997e(e); plaintiff still entitled to nominal and punitive damages) with Davis, 158 F.3d at 1348-49 (plaintiff's claim for compensatory and punitive damages both barred by § 1997e(e))— a distinction not relevant to the present matter as Plaintiff has failed to state a viable claim.

## IV. Conclusion

For the reasons set forth herein, IT IS, THEREFORE, ORDERED that:

1.  Plaintiff's case is DISMISSED WITHOUT PREJUDICE for failure to state a claim.

2.  Any pending motions are DENIED AS MOOT.

3.  This dismissal counts as a "STRIKE" pursuant to 28 U.S.C. § 1915(g).[3]

IT IS SO ORDERED this 22nd day of September, 2008.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.